Taft, J.
The question to be decided is whether the decision of the Board of Tax Appeals is reasonable and lawful in holding that “the purpose of” appellant was not “to use or consume” the drilling and blasting equipment ‘ ‘ directly in the production of tangible personal property for sale by * * * mining,” within the meaning of Sections 5546-1, General Code, in the Sales Tax Act, and 5546-25, General Code, in the Use Tax Act.
Section 5546-1, General Code, provides so far as pertinent :
“ ‘Retail sale’ and ‘sales at retail’ include all sales excepting those in which the purpose of the consumer is * * * to use or consume the thing transferred directly in the production of tangible personal property for sale by manufacturing, processing, refining, mining including without limitation tfie extraction from the earth of all substances which are classed geologically as minerals, production of crude oil and natural gas, farming, agriculture, horticulture, or floriculture, and persons engaged in rendering farming, agricultural, horiticultural or floricultural services and services in the exploration for and production of crude oil and *191 natural gas, for others, shall he deemed to be engaged directly in farming, agriculture, horticulture, and floriculture or exploration for and production of crude oil and natural gas * *
It is the retail sale or sale at retail that is taxed under the Sales Tax Act. Under the Use Tax Act, it is the storage, use or consumption of the thing purchased which is taxed. Section 5546-25, General Code, in that act states that when the purpose of the consumer is as described by the the above-quoted words of Section 5546-1, General Code, “tht attainment of such a purpose shall not be considered to be a ‘storage,’ a ‘use,’ or a ‘consumption’ of the thing purchased within the meaning of” that act.
It is conceded that, if the mineable minerals had been taken out and sold by appellant instead of by the miner, there would be no sales or use tax with respect to the drilling or blasting equipment. Likewise, if a miner who takes out and sells mineable minerals acquired such equipment and used it as appellant does, there would be no sales or use tax with respect to that equipment. It is further conceded that the use of the blasting and drilling equipment by appellant is a use of it “directly in the production of tangible personal property * * * by mining,” within the meaning of the statutory language. These concessions necessarily follow from a prior decision of this court. Bailey v. Evatt, Tax Commr., 142 Ohio St., 616, 53 N. E. (2d), 812. However, it is argued that, because appellant does not sell the minerals mined, his purpose is not that described in these statutes.
Admittedly the “production of tangible personal property” here involved is a production “for sale.” The stipulation shows that. No words of the statute require that such sales must be 'by the “consumer” whose “purpose” is involved. The statutory words only require that such consumer must have a “purpose * * * to use * * * the thing transferred directly in the *192 production of tangible personal property for sale [not necessarily by the consumer because the statute does not so state] * * * by * * * mining.” We believe that, if we held that the purpose of this appellant was not such a purpose, we would be reading into the statute words which the General Assembly did not put into the statute. We do not believe that the words which the General Assembly used can justify an inference that it intended that the “production * * * for sale” should describe only a production for sale by the consumer whose “purpose” is involved.
It is further argued that the portion of the statute reading, “and persons engaged in rendering farming, agricultural, horticultural or floricultural services and services in the exploration for and production of crude oil and natural gas, for others, shall be deemed to be engaged directly in farming, agriculture, horticulture and floriculture or exploration for and production of crude oil and natural gas,” indicates a legislative intent that those “engaged in rendering * * * services” other than those specified should be deemed not “to be engaged directly” in anything; and that appellant is only engaged in rendering such a nonspecified service.
This portion of the statute was added by amendments made in 1941 and 1947. See 119 Ohio Laws, 389, 390; 122 Ohio Laws, 725, 726. We do not believe that the words added by the General Assembly by these amendments justify the inference of such a legislative intention to change the clear meaning of the prior statutory language which was left unchanged.

Decision reversed.

Weygandt, C. J., Middleton, Hart, Stewart and Lamneck, JJ., concur.